UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MIKE FISHER and PATRICIA FISHER, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. 5:04-CV-109 (CAR) |
| v. | : |
| | : |
| TRUTECH, INC., | : |
| | : |
| Defendant. | : |

ORDER FOR DEFAULT JUDGMENT

This case arises under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") which amended the Employee Retirement Income Security Act of 1974 ("ERISA") by requiring certain employers to provide limited continued health care coverage for employees after a qualifying event (such as termination). Plaintiffs filed a Complaint [Doc 1] against Defendant Trutech, Inc. ("Trutech"), alleging violations of COBRA, 29 U.S.C. § 1161 - 1169, and seeking recovery of medical expenses they claim would have been covered under the extended policy, together with attorney's fees and costs. Trutech was served with the summons and Complaint but never filed a responsive pleading in this case. Plaintiffs accordingly filed a motion for entry of default which was entered by the clerk on July 6, 2004. On June 6, 2006, Plaintiffs filed a motion for a damages hearing [Doc 17], which the Court construes as a motion for default judgment. An evidentiary hearing on Plaintiffs' motion for default judgment and damages was held before this Court on June 26, 2006. Having fully considered Plaintiffs' motion and the evidence before the Court, the Court finds that default judgment should be entered in favor of **PLAINTIFFS** and against Trutech, and that appropriate relief is due to be

awarded as discussed herein.  See Fed. R. Civ. P. 55(b).

## DEFAULT JUDGMENT STANDARD

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default.  See Fed.R.Civ.P. 55(a).  Plaintiffs have satisfied this requirement: The clerk's entry of default as to Trutech was entered on July 6, 2004.  After entry of default, a plaintiff is required to seek default judgment from the Court.  Fed.R.Civ.P. 55(b)(2) ("the party entitled to a judgment by default shall apply to the court therefor.").  Although Plaintiffs technically moved for a damages hearing rather than for a default judgment, the Court construes Plaintiffs' motion as one for default judgment.

The mere entry of default by the clerk does not in itself warrant the entry of default judgment by the Court.  See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  Rather, the Court, in its discretion, must find that there is a sufficient basis in the pleadings for the judgment to be entered; the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  Id.  The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted.  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370, n.41 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206.  The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages.  See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004).   This Court has jurisdiction pursuant to 28 U.S.C. § 1331

(federal question jurisdiction).  The remaining considerations, liability and damages, are discussed below.

## FACTS

Mike Fisher was an employee with Trutech until December 10, 2003, when Fisher terminated his employment.  Fisher's termination was a qualifying event that entitled him to elect continuation health insurance coverage pursuant to COBRA for up to 18 months.  Trutech properly gave Fisher the statutorily required notice and election form for continuation health insurance coverage pursuant to 29 U.S.C. § 1166.  Thereafter, Fisher timely made his COBRA election and paid the required premium for one month.

At the time Fisher terminated his employment, Trutech maintained its healthcare plan through Blue Cross Blue Shield of Georgia/Blue Cross Blue Shield Healthcare of Georgia ("BCBS").  Initially, BCBS accepted Fisher and his wife as insureds and paid some of their health insurance claims.  However, in January 2004, one month after Plaintiff terminated his employment with Trutech, BCBS informed Fisher that Trutech had changed healthcare providers and that Fisher's COBRA coverage was no longer with BCBS but with Trutech's current healthcare provider.  BCBS further informed Fisher that Trutech had backdated Fisher's termination date to December 1, 2003, nine days before Fisher actually terminated his employment.  When Fisher confronted Trutech, Trutech informed Fisher to obtain COBRA coverage through BCBS.  Fisher and his wife ultimately were without health insurance coverage and incurred $5,879.24 in unpaid medical expenses from December 1, 2003 until June 1, 2003, the eighteen month time period in which their medical expenses may have been covered under COBRA.

**DISCUSSION**

Upon consideration of Plaintiffs' allegations in this case, the Court finds a sufficient basis in the Complaint for judgment to be entered in Plaintiffs' favor. Plaintiffs allege Trutech violated the COBRA provisions by failing to provide Plaintiffs with continued healthcare coverage as required by COBRA. COBRA requires certain employer group health care plans to offer qualified beneficiaries an election to continue their group coverage for a period of time following termination of the beneficiaries' eligibility for coverage as group members under the plan; spouses of covered employees are included within the definition of "qualified beneficiaries." See 29 U.S.C. § 1167(3). Plaintiffs allege that Trutech violated 29 U.S.C. § 1161(a), which sets forth Trutech's statutory duty to provide COBRA coverage to Plaintiffs.

Section 1161(a) states that "[t]he *plan sponsor* of each group health plan *shall provide*, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a) (emphasis added). The "plan sponsor" is "the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B). Pursuant to these code sections, the responsibility of providing COBRA coverage falls exclusively upon the employer, who in this case is Trutech. Plaintiffs' Complaint sufficiently alleges that Trutech violated this responsibility.

Furthermore, COBRA mandates that when employers modify health care plans for its current employees, the employer must modify the health care plans for those former employees under COBRA coverage in the same manner:

4

> The coverage must consist of coverage which, as of the time the coverage is being provided, is identical to the coverage provided under the plan to similarly situated beneficiaries under the plan with respect to whom a qualifying event has not occurred.  *If coverage is modified under the plan for any group of similarly situated beneficiaries, such coverage shall also be modified in the same manner for all individuals who are qualified beneficiaries under the plan pursuant to this part in connection with such group.*

29 U.S.C. § 1162(1).  The complaint sufficiently establishes that Trutech violated this COBRA provision as well.  By defaulting, Trutech has admitted its liability for these COBRA violations, and thus, default judgment shall be entered in favor of Plaintiffs.

Having concluded that Plaintiffs are entitled to judgment, the Court now turns its attention to the relief requested by Plaintiffs.

A. <u>Medical Expenses</u>

Plaintiffs seek to recover $5,879.24 in medical expenses that Plaintiffs incurred from December 1, 2003 through June 1, 2005, the eighteen month time period in which such expenses might have been covered under COBRA.  In cases where COBRA violations result in the loss of a qualified beneficiary's insurance coverage, courts have interpreted ERISA's civil enforcement statute as entitling the qualified beneficiary to compensatory damages in an amount equal to medical expenses minus deductibles and premiums.  <u>See, e.g.</u>, <u>Hamilton v. Mecca, Inc.</u>, 930 F. Supp. 1540, 1555 (S.D. Ga. 1996); <u>Linden v. Harding Tube Corp.</u>, 2005 WL 2397033, *4 (E.D. Mich. 2005); <u>Vargas v. Child Dev. Council of Franklin County</u>, 269 F. Supp. 2d 954, 957 (S.D. Ohio 2003).

Had Trutech provided Plaintiffs with COBRA coverage, Plaintiffs would have had to pay $358.72 per month in premium amounts in order to obtain the continuation healthcare coverage under COBRA.  Trutech had a duty to provide COBRA coverage to Plaintiffs for 18 months.

Plaintiffs paid the first month's premium, so Plaintiffs would have had to pay 17 additional payments of $358.72 for continuation COBRA coverage during those 18 months.  In order to determine the amount of medical expenses Plaintiffs are to be awarded, the Court must multiply the monthly premium amount, $358.72, by the number of months Plaintiffs would have had to pay the premium amount for COBRA coverage, 17, and subtract that amount, $6,098.24, from the amount of Plaintiffs' medical expenses, $5,879.24.  The total amount represents the amount Plaintiffs should receive in compensatory damages for unpaid medical expenses.  However, in this case, the total amount is a negative number: $5,879.24 - $6,098.24 = -219.00.  Plaintiffs actually saved money by paying for the medical expenses without COBRA coverage.  Because the total amount of monthly premiums Plaintiffs would have had to pay exceeds the amount of Plaintiffs' medical expenses, Plaintiffs are not entitled to an award of compensatory damages in the form of unpaid medical expenses in this case.

  B.  Attorney's Fees and Costs

  1.  *Award of Attorney's Fees*

Plaintiffs also seek to recover $8,430.00 in attorney's fees and $232.88 in costs pursuant to 29 U.S.C. § 1132(g)(1) of the ERISA statute.  In its discretion, the Court may grant reasonable attorney's fees and costs to either party.  See 29 U.S.C. § 1132(g)(1).  However, there is "no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001) (quoting Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 2001).  In order to determine whether to award attorney's fees the Court must consider the following factors:

  (1) the degree of the opposing parties' culpability or bad faith;

>   (2) the ability of the opposing parties to satisfy an award of attorney's fees;
>
>   (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;
>
>   (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
>
>   (5) the relative merits of the parties' positions.

Id. at 1344-1345. (citations omitted).  No one of these factors "is necessarily decisive, and some may not be apropos in a given case, but together they are a nuclei of concerns that a court should address....  In particular types of cases, or in any individual case, however, other considerations may be relevant as well."  Id. at 1345.  A district court may, in its discretion, consider only those factors it deems important.  See Florence Nightingale Nursing Serv. v. Blue Cross/Blue Shield, 41 F.3d 1476, 1485 (11th Cir. 1995).  In some cases additional considerations may be relevant to the determination.  Freeman, 996 F.2d at 1119.

Applying the factors to this case, the Court finds an award of attorney's fees is appropriate.  The first factor, Trutech's degree of bad faith or culpability, favors an award of attorney's fees.  During the evidentiary hearing, this Court heard evidence regarding Trutech's bad faith in not providing COBRA coverage to Plaintiffs.  Plaintiffs contend Trutech intentionally tried to "dump" Plaintiffs, an older couple with health problems, from their health plan (and onto BCBS) so that Trutech could obtain better insurance rates from a new provider.  Because Trutech is in default and did not present alternative testimony, the Court finds Plaintiffs' contentions to be evidence of Trutech's bad faith in not providing COBRA coverage

to Plaintiffs.  With regard to the second factor, the Court has no evidence that Trutech can *not* satisfy an award of attorney's fees, and thus this second factor does not weigh against an award of attorney's fees.  The third factor favors an award of attorney's fees because an award of attorney's fees would be a deterrent to employers from denying qualified beneficiaries continuation health coverage.  The fourth factor is not applicable to the case at hand.  Finally, with regard to the relative merits of each party's position, the Court has ruled Trutech's actions violated COBRA.  Thus, this Court finds that an award of attorney's fees and costs to Plaintiffs is appropriate in this case.

> The Court recognizes the peculiarity of awarding attorney's fees in a case where Plaintiffs are recovering no compensatory damages.  The Court, however, is satisfied that such an award is appropriate in this case.  First, the Court recognizes that when this lawsuit was filed, Plaintiffs did not know the extent of their medical bills, and Plaintiffs expected to have further medical procedures that, in the end, did not occur.  Second, the award of attorney's fees is in line with the purpose of the ERISA statute.  "ERISA's essential remedial purpose [is] to protect the beneficiaries of private pension plans."  Nachwalter v. Christie, 805 F.2d 956, 962 (11th Cir. 1986) (citation omitted).  "Adherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose."  Id. (citations omitted).  Plaintiffs brought this action in good faith to secure their rights under COBRA.  Finally, this circuit has recognized that under certain circumstances a party need not even prevail under ERISA to collect an attorney's fee award under 29 U.S.C.A. § 1132(g)(1).  See Sharron v. Amalgamated Ins. Agency Srvs., Inc., 704 F.2d 562, 569 (11th Cir.

1983).  Here, Plaintiffs prevailed in the merits of this action, they just did not recover any damages.

      2.    *Amount of Attorney's Fees*

In determining the appropriate amount of attorney's fees, the Court must calculate the "lodestar," which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate.  Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000).  The Court may make any adjustments to the lodestar calculation for other considerations not yet factored into the lodestar amount.  Id.  The Court notes that "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Id.  The Court further notes that, in determining a reasonable hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1299).

    Plaintiffs are seeking $8,430.00 in attorney's fees for 43.50 total hours spent in matters pertaining to this case.  The 43.50 hours spent on this case consists of 39.40 attorney hours at a rate of $200 per hour and 4.10 paralegal hours at a rate of $75 per hour.  Plaintiffs' attorney has over 20 years experience practicing in the Middle District of Georgia.  Based on the complicated and specialized nature of this case, together with the attorney's experience and the prevailing

rates in the Middle District of Georgia, the Court finds the attorney's rate at $200 per hour to be reasonable.  The Court also finds the paralegal's rate of $75 per hour to be reasonable.

Upon review of Plaintiffs' counsel's affidavit [Doc 19], the Court is satisfied with the explanation of hours expended in this case.  However, the proportion of fees sought in this case is excessive in relation to the amount of damages actually recovered ($0.00).  The Court finds that the lodestar should be reduced by 35% given the fact no damages were actually recovered and Plaintiffs actually *saved* money by not having COBRA coverage.  Therefore, Plaintiffs are entitled to $5,479.50 in attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** the Clerk of Court to enter final default judgment in favor of Plaintiffs.  The judgment shall provide that Plaintiffs recover $5,479.50 in attorney's fees.   As explained above, the Court awards no compensatory damages.

**SO ORDERED** this 17th day of November, 2006.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        United States District Judge

SSH/aeg